[No. G042077. Fourth Dist., Div. Three. May 10, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS CONTRERAS, Defendant and Appellant.

## Counsel

Chris Truax, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steve Oetting and Theodore M. Cropley, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**O'LEARY, J.**—Jesus Contreras appeals from a judgment after a jury found true he remained a mentally disordered offender. Contreras argues the trial court prejudicially erred when it instructed the jury with CALCRIM No. 224, the general instruction on circumstantial evidence, rather than CALCRIM No. 225, the instruction on circumstantial evidence to be given when only a defendant's intent or mental state is at issue. We disagree and affirm the judgment.

## FACTS

On October 21, 2003, Contreras pled guilty to two counts of assault with a deadly weapon with great bodily injury committed against his mother and his aunt. The trial court sentenced him to a total of four years in prison. After Contreras had served his sentence, the trial court found he suffered from a severe mental disorder within the meaning of Penal Code section 2970.[1] The court granted the state's petition seeking to extend Contreras's commitment one additional year as a mentally disordered offender. After that time was served, the state petitioned to extend his commitment an additional year.

Dr. Meerabai Mohapatra, the sole trial witness, offered her expert testimony for the prosecution. Mohapatra was a staff psychiatrist at Patton State Hospital and had been assigned Contreras's case for about two years.[2] Mohapatra testified Contreras suffered from schizophrenia, antisocial personality disorder, and polysubstance dependency. Mohapatra based her diagnosis of schizophrenia on Contreras's delusions, hallucinations, disorganized thought process, poor impulse control, aggressive behavior, flat affect, other inappropriate behavior, and his prior criminal history.

---

[1] All further statutory references are to the Penal Code.

[2] Although many of his delusions and hallucinations happened at Atascadero State Hospital, he continued to have hallucinations at Patton State Hospital.

Mohapatra testified Contreras's schizophrenia manifested in his refusal to eat because he believed he was not going to be able to swallow, his thoughts that the hospital staff was going to break his penis, and his thoughts that his arms and leg were going to fall off because of his tattoos. In addition, Contreras talked about being lobotomized with an ice pick and hearing echoes through the hole in his head. He complained about hearing voices that commanded him to hurt himself or others and of seeing spirits or ghosts. During several instances at the hospital, Contreras was seen talking to unseen others and laughing inappropriately.

Some of Contreras's inappropriate behaviors that contributed to Mohapatra's diagnosis were laughter when someone talked about a family member being killed, pronouncing, " 'guns can solve problems that words cannot,' " and threatening his roommate. He threatened a fellow patient saying he had friends on the outside who could "get" the fellow patient. He also joined in an assault on a fellow patient who was being beaten up by several other patients. When confronted, he said he did it for fun and for the exercise it provided.

Mohapatra testified a person can have both schizophrenia and antisocial personality disorder and, in this case, Contreras's symptoms are either from his schizophrenia or jointly attributable to his schizophrenia and his personality disorder.

Contreras had been prescribed antipsychotic medication and was recommended for several group therapy classes, which he typically slept through. According to Mohapatra, he denied having a mental illness, denied needing medication, and refused to go to group therapy. Mohapatra recalled Contreras stated he intended to resume his gang activities and to sell and use drugs when he was released. Although she felt he had improved, she did not think his schizophrenia was in remission and believed he could not be safely and effectively treated in the community. She concluded because of his mental disorder and noncompliance with his medication schedule, he remained a danger to others.

The trial court instructed the jury with CALCRIM No. 224 and CALCRIM No. 3457.[3] The jury concluded Contreras remained a mentally disordered offender and the court committed him for an additional year.

---

[3] The modified CALCRIM No. 3457 given provides, "The petition alleges that Jesus Contreras is a mentally disordered offender. [¶] To prove this allegation, the People must prove beyond a reasonable doubt that: 1. He has a severe mental disorder; 2. The severe mental disorder is not in remission or cannot be kept in remission without continued treatment; AND 3. Because of his severe mental disorder, he presently represents a substantial danger of physical harm to others. [¶] A *severe mental disorder* is an illness or disease or condition that

## DISCUSSION

Contreras contends the trial court erred in failing to instruct the jury pursuant to CALCRIM No. 225 regarding its consideration of circumstantial evidence. He contends the trial court failed by instructing the jury with CALCRIM No. 224 and should have instructed the jury with CALCRIM No. 225 because "the only point at issue was [Contreras's] mental state."[4] We disagree.

■ The trial court is required to instruct the jury " ' "on the general principles of law relevant to the issues raised by the evidence." ' " (*People v. Breverman* (1998) 19 Cal.4th 142, 154 [77 Cal.Rptr.2d 870, 960 P.2d 1094].) ■ A trial court must instruct the jury regarding how to evaluate circumstantial evidence " 'sua sponte when the prosecution substantially relies on circumstantial evidence to prove guilt. [Citations.]' " (*People v. Rogers* (2006) 39 Cal.4th 826, 885 [48 Cal.Rptr.3d 1, 141 P.3d 135].)

CALCRIM No. 224 is a form jury instruction that describes the manner in which the jury is to consider circumstantial evidence that the prosecution offers to prove facts necessary to find a defendant guilty. The modified CALCRIM No. 224 given provides: "Before you may rely on circumstantial evidence to conclude that a fact necessary to find the allegations contained in the Petition has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to find the allegations contained in the Petition are true, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to the allegation being true and another to the allegations being not true, you must accept the one that points to the allegation being not true. However,

---

substantially impairs the person's thought, perception of reality, emotional process, or judgment; or that grossly impairs his or her behavior; or that demonstrates evidence of an acute brain syndrome for which prompt remission, in the absence of treatment, is unlikely. It does not include a personality or adjustment disorder, or addiction to or abuse of intoxicating substances. [¶] Remission means that the external signs and symptoms of the severe mental disorder are controlled by either psychotropic medication or psychosocial support. [¶] A severe mental disorder cannot be kept *in remission without treatment* if, during the period of the year prior to March 23, 2009 the person: 1. Was physically violent except in self-defense; or 2. Did not voluntarily follow the treatment plan. [¶] A person has voluntarily followed the treatment plan if he or she has acted as a reasonable person would in following the treatment plan. [¶] A *substantial danger of physical harm* does not require proof of a recent overt act."

[4] CALCRIM No. 224 corresponds to CALJIC No. 2.01 and CALCRIM No. 225 corresponds to CALJIC No. 2.02. Case law addressing CALJIC instructions is still generally applicable to the corresponding CALCRIM instruction. (*People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1171, fn. 12 [91 Cal.Rptr.3d 874] (*Samaniego*).)

when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable."

CALCRIM No. 225 is a form jury instruction that describes the manner in which the jury is to consider circumstantial evidence that the prosecution offers to prove a defendant's intent or mental state. CALCRIM No. 225 provides: "The People must prove not only that the defendant did the acts charged, but also that (he/she) acted with a particular (intent/ [and/or] mental state). The instruction for (the/each) crime [and allegation] explains the (intent/ [and/or] mental state) required. [¶] A[n] (intent/ [and/or] mental state) may be proved by circumstantial evidence. [¶] Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to conclude that the defendant had the required (intent/ [and/or] mental state), you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant had the required (intent/ [and/or] mental state). If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions supports a finding that the defendant did have the required (intent/ [and/or] mental state) and another reasonable conclusion supports a finding that the defendant did not, you must conclude that the required (intent/ [and/or] mental state) was not proved by the circumstantial evidence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable."

■ "CALCRIM Nos. 224 and 225 provide essentially the same information on how the jury should consider circumstantial evidence, but CALCRIM No. 224 is more inclusive. [Citation.]" (*Samaniego, supra,* 172 Cal.App.4th at p. 1172.) CALCRIM No. 224 "is the proper instruction to give unless the only element of the offense that rests substantially or entirely on circumstantial evidence is that of specific intent or mental state." (*People v. Cole* (2004) 33 Cal.4th 1158, 1222 [17 Cal.Rptr.3d 532, 95 P.3d 811]; accord, Judicial Council of Cal., Crim. Jury Instns. (2009–2010) Bench Notes to CALCRIM No. 225, pp. 59–60 ["Give this instruction when the defendant's intent or mental state is the only element of the offense that rests substantially or entirely on circumstantial evidence. If other elements of the offense also rest substantially or entirely on circumstantial evidence, do not give this instruction. Give CALCRIM No. 224, *Circumstantial Evidence: Sufficiency of Evidence.*"].)

■ Contreras contends the only point at issue for the jury to determine whether he was a mentally disordered offender was his mental state. We

disagree. "Mental state" has a specific meaning referring to the mens rea required of a person before a particular act done by that person can be considered a crime. (See § 20 [to constitute crime there must be unity of act and intent].) Such a "mental state" can include "purpose, intent, knowledge, premeditation, [or] deliberation." (§ 28, subd. (a).) Thus, for a "mental state" to even be an issue in a case, there must first be some act or omission. (*People v. Sargent* (1999) 19 Cal.4th 1206, 1222 [81 Cal.Rptr.2d 835, 970 P.2d 409].)

■ The jury was not tasked with finding whether Contreras had a particular "mental state" when he committed a crime. Indeed there was no crime at issue at all and no mental state requirement. Instead, the jury had to determine whether Contreras was a mentally disordered offender by, based on circumstantial evidence, determining if he had a severe mental disorder which was not in remission and presented a substantial danger of physical harm to others. Because a jury is not required to determine a defendant's "mental state" in order to determine whether a defendant suffered from a "severe mental disorder," the trial court appropriately instructed the jury with CALCRIM No. 224.

DISPOSITION

The judgment is affirmed.

Rylaarsdam, Acting P. J., and Ikola, J., concurred.