Filed 6/10/26  P. v. Hollings CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JIMMIE LEONARD HOLLINGS,<br><br>    Defendant and Appellant. | H052262<br>(Santa Clara County<br>Super. Ct. No. C2115640) |

**MEMORANDUM OPINION**[1]

Convicted of the first degree murder of Janice Karklins (Pen. Code, § 187, subd. (a); count 1)[2] and arson of an inhabited structure (§ 451, subd. (b); count 2), Jimmie Leonard Hollings argues on appeal that the trial court prejudicially erred by instructing the jury on CALCRIM No. 224 and not CALCRIM No. 225:  CALCRIM No. 224 explains the proper consideration of circumstantial evidence generally; CALCRIM No. 225 explains the proper consideration of circumstantial evidence when offered to prove a defendant's intent or mental state.  Because Hollings's mental state was not the only element of the murder charge resting upon circumstantial evidence, he concedes that we are bound by the California Supreme Court's holding in *People v. Hughes* (2002)

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

[2] Undesignated statutory references are to the Penal Code.

27 Cal.4th 287 (*Hughes*). (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) When a trial court gives the "more inclusive" CALCRIM No. 224, the court need not also instruct on CALCRIM No. 225, "unless the only element of the offense that rests substantially or entirely upon circumstantial evidence is that of specific intent or mental state." (*Hughes*, at p. 347 [addressing CALJIC Nos. 2.01 and 2.02, predecessors to CALCRIM Nos. 224 and 225, respectively]; see also *People v. Contreras* (2010) 184 Cal.App.4th 587, 592 ["CALCRIM No. 224 'is the proper instruction to give unless the only element of the offense that rests substantially or entirely on circumstantial evidence is that of specific intent or mental state' "].) We will accordingly affirm the judgment.

The parties, however, agree that various entries to the abstracts of judgment are inconsistent with the sentencing court's oral pronouncement of judgment. We will order both abstracts of judgment corrected to reflect the trial court's imposition and stay of a $300 restitution fine, and its waiver of the $80 court security fee and $60 criminal conviction assessment fee. We will further order the determinate abstract of judgment corrected to reflect that Hollings was convicted by jury (not by plea) of count 2 (arson). (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is affirmed.

The clerk of the superior court is directed to prepare and transmit to the California Department of Corrections and Rehabilitation amended abstracts of judgment reflecting the trial court's imposition and stay of the $300 restitution fine, its waiver of the $80 court security fee and $60 criminal conviction assessment fee, and Hollings's conviction by jury of count 2.

_____

                                                LIE, J.


WE CONCUR:


_____

        GROVER, Acting P. J.


_____

        CHUNG, J.*


*People v. Hollings*
H052262

_____

        *Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.